AO 91 (Rev. 11/11) Criminal Complaint        AUSA Stephanie Stern (312) 469-6132



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | CASE NUMBER: 25 CR 428 |
|---|---|
| v. | UNDER SEAL |
| ALEC CHISOLM-BLOCKTON | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about July 15, 2025, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United Stats Code, Section 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

_Mariela Lopez (DPM w/ permission)_
MARIELA LOPEZ
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: July 25, 2025

_[signature]_
*Judge's signature*

City and state: Chicago, Illinois        DANIEL P. MCLAUGHLIN, U.S. Magistrate Judge
*Printed name and title*

# **AFFIDAVIT**

I, Mariela Lopez, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. I have been so since approximately August 2020.

2. As part of my duties as an ATF Special Agent, I investigate criminal violations of law as they relate to federal firearms offenses, including the unlawful possession of firearms or ammunition by convicted felons, firearms trafficking, violent crime, and narcotics trafficking. I employ investigative tools such as the use of informants and witnesses, surveillance, controlled purchases of firearms and narcotics, firearms traces, and the execution of both search warrants and arrests warrants.

3. This affidavit is submitted in support of a criminal complaint alleging that, on or about July 15, 2025, ALEC CHISOLM-BLOCKTON was a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging CHISOLM-BLOCKTON with unlawful possession of a firearm by a felon, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

4. This affidavit is based on my personal knowledge, my training and experience, my review of audio and/or video recorded conversations, law enforcement

records, and court documents, as well as information provided to me by other law enforcement agents and other individuals.

5. At various points in this affidavit, I refer to, and offer my preliminary interpretations of, certain recorded conversations and text message exchanges. My interpretations of these communications are based on my knowledge of the investigation to date and my review of prior recordings, the contents and context of the conversations, prior and subsequent conversations, review of documents, information provided by confidential sources, my training and experience, and the training and experience of other law enforcement officers with whom I have consulted. Some of these summaries do not include references to all the topics discussed during the communications. In addition, the summaries do not necessarily include references to all statements made by the speakers on the topics that are mentioned.

## I. FACTS ESTABLISHING PROBABLE CAUSE

### A. Summary

6. In summary, as discussed in more detail below, on June 25, 2025, convicted felon CHISOLM-BLOCKTON sold a Springfield Hellcat 9mm pistol and a Glock Model 48 9mm pistol to an individual who, unbeknownst to CHISOLM-BLOCKTON, was an ATF confidential informant. Then, on July 15, 2025, CHISOLM-BLOCKTON sold a Sig Sauer P320 M18 9mm caliber pistol to a different ATF confidential informant and an ATF undercover officer.

**B.     Chisolm-Blockton is Identified as a Seller of Firearms**

7.     In or around June 2025, law enforcement received information from a confidential informant (CI-1)[1] that an individual, who CI-1 knew as "Ajae," had previously offered to sell CI-1 firearms. CI-1 identified "Ajae's" CashApp, Telegram, Instagram accounts, as well as his phone number, namely 773-571-4626 ("Subject Phone 1"). Using database searches based on the information provided by CI-1, law enforcement identified CHISOLM-BLOCKTON. Law enforcement showed CI-1 CHISOLM-BLOCKTON's Illinois driver's license photograph, and CI-1 identified CHISOLM-BLOCKTON as the person he knew as "Ajae."

8.     CI-1 showed law enforcement two photographs of firearms (depicted below) that CHISOLM-BLOCKTON, using Subject Phone 1, sent to CI-1 on or about June 6, 2025. In the messages, CHISOLM-BLOCKTON offered to sell the firearms to CI-1.

---

[1] CI-1 has provided information to law enforcement for less than one year and has been paid approximately $5,000 in total during that period for his/her cooperation in multiple investigations, including this investigation. According to a criminal records database, CI-1 has felony convictions for fraud and identity theft. Information provided by CI-1 has been reliable and credible, and certain information has been corroborated by independent investigation by law enforcement, audio/video recordings, and controlled purchases of firearms.



### C. Chisolm-Blockton is a Convicted Felon

9. Based on a review of law enforcement databases records, CHISOLM-BLOCKTON is a convicted felon. More specifically, on or about January 17, 2018, CHISOLM-BLOCKTON was convicted of aggravated battery/discharge of a firearm and, in a separate case, unlawful firearm possession, in the Circuit Court of St. Clair, Illinois; CHISOLM-BLOCKTON was sentenced to a ten-year term of imprisonment for the aggravated battery charge and an concurrent eight-year term of imprisonment for the unlawful firearm possession charge. According to information obtained from the Illinois Department of Corrections' website,[2] on or about December 29, 2023, CHISOLM-BLOCKTON was released from custody onto parole.

---

[2] *See* https://idoc.illinois.gov/offender/inmatesearch.html (last accessed on July 24, 2025).

**D.     Chisolm-Blockton's Possession and Sale of Firearms on June 25, 2025**

10.     As discussed below, on June 25, 2025, CHISOLM-BLOCKTON sold CI-1 two firearms, namely, a Springfield Hellcat 9mm pistol and a Glock Model 48 9mm pistol, for $1,500.

11.     Between on or about June 9 and June 10, 2025, CI-1 engaged in a series of text messages with CHISOLM-BLOCKTON, using Subject Phone 1, concerning the sale of a Springfield Hellcat pistol for $700. On or about June 19, 2025, CHISOLM-BLOCKTON, using Subject Phone 1, texted CI-1 a photograph of a Glock model 48 pistol, which is depicted below.



CI-1 asked CHISOLM-BLOCKTON how much the gun cost and CHISOLM-BLOCKTON told CI-1 it cost $800. CI-1 said that CI-1 was interested in buying both firearms, and asked CHISOLM-BLOCKTON to hold the guns for him until June 24 or June 25. CHISOLM-BLOCKTON agreed to keep the guns for CI-1 to buy.

1.

12. On Wednesday, June 25, 2025, CI-1 texted CHISOLM-BLOCKTON to ask what the plan was for purchasing the firearms. CHISOLM-BLOCKTON responded with an address for the meeting location, namely, 646 East 75th Street, Chicago, Illinois.

13. Prior to meeting with CHISOLM-BLOCKTON on June 25, 2025, law enforcement searched CI-1, as well as two other individuals (C1-2 and C1-3) who accompanied CI-1 to the transaction, and found no contraband or weapons on them. CI-1 was provided with $1,500 for the purchase. CI-1 was equipped with concealed audio and video recording devices as well as an electronic transmitter. The CIs departed in a car for the meeting location to conduct the firearms transaction.

14. In summary, based on my review of the recording and information provided by CI-1:

a. On or about June 25, 2025, at approximately 1:40 p.m., the three CIs arrived by 646 East 75th Street. CI-1 contacted CHISOLM-BLOCKTON at Subject Phone 1 and advised him that they had arrived. CHISOLM-BLOCKTON instructed CI-1 to drive to the nearby alley behind Champlain Avenue. When he/she entered the alley, CI-1 observed CHISOLM-BLOCKTON, who was wearing a white sweatshirt, in the alley.

b. CI-1 got out of the car and spoke with CHISOLM-BLOCKTON, who asked CI-1 if CI-1 had something to put the firearms in. CI-1 responded that he/she did. CI-1 provided CHISOLM-BLOCKTON with $1,500. CI-1 and CHISOLM-BLOCKTON walked over to the CIs' car. CHISOLM-BLOCKTON took two pistols out

6

of his sweatshirt pocket and placed them on the driver-side floorboard. The firearms are depicted below.



c. Based on a comparison of the video recording with CHISOLM-BLOCKTON's Illinois driver's license photograph, CHISOLM-BLOCKTON is the individual who sold the firearms to CI-1.

d. Following the transaction, the CIs returned to a prearranged meeting located with ATF. CI-1 turned over to law enforcement the firearms that he/she purchased from CHISOLM-BLOCKTON, namely, a Springfield Hellcat 9mm pistol, bearing serial number BY555023, and a Glock Model 48 9mm pistol, bearing serial number BTYS055. Law enforcement searched the CIs and their car and did not find any money or other contraband.

15. According to a law enforcement officer trained in determining where firearms are manufactured, each of the firearms that CHISOLM-BLOCKTON provided to CI-1 on June 25 were manufactured outside of Illinois, and therefore, traveled in interstate commerce prior to the June 25 sale.

7

### E. Chisolm-Blockton's Possession and Sale of Firearms on July 15, 2025

16. As discussed below, on July 15, 2025, CHISOLM-BLOCKTON sold an undercover officer (UCO) and CI-2[3] a firearm, namely, a Sig Sauer P320 M18 9mm caliber pistol, for $750.

17. On or about July 11, 2025, CI-1 communicated with CHISOLM-BLOCKTON, using Subject Phone 1, concerning the sale of a Sig Sauer P320 M18 9mm caliber pistol. CHISOLM-BLOCKTON agreed to sell CI-1 the pistol for $750. CI-1 texted CHISOLM-BLOCKTON that his/her friend (CI-2), who had been present for the June 25 sale, would purchase the pistol for CI-1.

18. On or about July 15, 2025, CI-2 communicated with CHISOLM-BLOCKTON, using Subject Phone 1, concerning the logistics of the pistol sale. They agreed to conduct the transaction at around 11:00 a.m. that day in the same alley where the June 25 sale had occurred.

19. Prior to meeting with CHISOLM-BLOCKTON on July 15, 2025, law enforcement searched CI-2 and found no contraband or weapons. UCO drove CI-2 to the meeting location. UCO and CI-2 were equipped with concealed audio and video

---

[3] CI-2 has provided information to ATF for approximately eight years and has been paid approximately $116,000 in total during that period for his/her cooperation in multiple investigations, including this investigation. According to a criminal records database, CI-2 has felony convictions for firearms and narcotics charges. Information provided by CI-2 has been reliable and credible, and certain information has been corroborated by independent investigation by law enforcement, audio/video recordings, and controlled purchases of firearms.

recording devices as well as an electronic transmitter. UCO and CI-2 departed in a car for the meeting location to conduct the firearm transaction.

20. In summary, based on my review of the recording and information provided by UCO:

a. On or about July 15, 2025, at approximately 11:08 a.m., UCO and CI-2 arrived in the alley behind Champlain Avenue by East 75th Street. CHISOLM-BLOCKTON approached the driver-side window. CHISOLM-BLOCKTON handed UCO a white plastic bag, which contained the Sig Sauer P320 M18 9mm caliber pistol, bearing serial number M18-102376, in exchange for which UCO handed CHISOLM-BLOCKTON $800. CHISOLM-BLOCKTON gave UCO back $50 in change, as the agreed-upon price was $750. The firearm is depicted below.



b. Based on a comparison of the video recording with CHISOLM-BLOCKTON's Illinois driver's license photograph, CHISOLM-BLOCKTON is the individual who sold the firearm to CI-2 and UCO.

21. According to a law enforcement officer trained in determining where firearms are manufactured, the firearm that CHISOLM-BLOCKTON provided to

UCO and CI-2 on July 15 was manufactured outside of Illinois, and therefore, traveled in interstate commerce prior to the July 15 sale.

## II. CONCLUSION

22. Based on the foregoing, there is probable cause to believe that on or about July 15, 2025, CHISOLM-BLOCKTON was a felon in possession of a firearm, in violation of Title 18, United State Code, Section 922(g)(1).

Mariela Lopez (DPM w/ permission)<br>
MARIELA LOPEZ<br>
Special Agent<br>
Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone on July 25, 2025.

_____
HONORABLE DANIEL P. MCLAUGHLIN
United States Magistrate Judge